IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2016 FEB -9 AM 8: 53

| | | |
|---|---|---|
| JAMES A. BROWN | § | |
| | § | |
| V. | § | CIVIL NO. A-15-CA-951-SS |
| | § | |
| WILLIAM STEPHENS | § | |

## ORDER

Before the Court are Petitioner's Application for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Document 1), Petitioner's Motion Pursuant to Fed. R. Civ. Proc. 27(a) and 11 (Document 4), Petitioner's Memorandum of Law (Document 6), Respondent's Motion to Dismiss (Document 15), and Petitioner's Motion for Summary Judgment, which has been construed as a response to Respondent's Motion to Dismiss (Document 18). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state court remedies.

## DISCUSSION

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas. In Cause No. D-1-DC-14-300630, Petitioner was charged by indictment with three counts of obstruction or retaliation, with four prior felony convictions alleged for sentence enhancement purposes. Petitioner pleaded not guilty to all three counts and waived his right to a trial by jury. Following a bench trial, the trial court found Petitioner guilty of all three counts and found the enhancement paragraph true. On

October 23, 2013, the trial court sentenced Petitioner to 15 years' imprisonment on each count to run concurrently.

On May 12, 2015, the Third Court of Appeals of Texas affirmed Petitioner's convictions. Brown v. State, No. 03-13-00760-CR, 2015 WL 2399816 (Tex. App. – Austin 2015, pet. ref'd). On September 16, 2015, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. Brown v. State, PD-0729-15. Petitioner has not filed an application for state writ of habeas corpus challenging his convictions.

In his federal application for habeas corpus relief Petitioner raises the following claims:

1. The indictment did not convey jurisdiction or afford proper notice;

2. The evidence is legally and factually insufficient to support his convictions, and he is actually innocent of the offenses; and

3. Trial counsel was ineffective for:

    a. not filing pre-trial motions;

    b. not investigating the law and facts;

    c. not objecting;

    d. not defending;

    e. not calling material or expert witnesses;

    f. the loss of a plea bargain; and

    g. interfering with appellate counsel's research.

Respondent moves to dismiss Petitioner's application, arguing Petitioner has not exhausted his state court remedies with respect to all of his claims of ineffective assistance of counsel. Respondent asserts Petitioner raised on direct appeal an ineffective assistance of counsel claim that

counsel was ineffective for (a) failing to file any pretrial motions, (b) failing to call as a witness Petitioner's mother, (c) failing to call as a witness the individual who prepared the video recordings that were presented at trial, and (d) failing to file a motion to withdraw during the period for filing a motion for new trial. Respondent argues, however, Petitioner did not raise on appeal his claims that counsel was ineffective for (a) failing to investigate the law or facts, (b) failing to defend, (c) failing to object, and (d) losing the plea bargain.

ANALYSIS

A fundamental prerequisite to federal habeas corpus relief under 28 U.S.C. §2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. Sterling v. Scott, 57 F.3d 451, 453 (5th Cir. 1995), cert. denied, 516 U.S. 1050 (1996). Section 2254(b) provides:

(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:

   (A)  the applicant has exhausted the remedies available in the courts of the State; or

   (B)  (i) there is an absence of available State corrective process; or
        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254. This requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. Picard v. Connor, 404 U.S. 270, 275-76 (1971). The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982)(citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91 ( 1973)).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." Castille v. Peoples, 489 U.S. 346, 349 (1989). The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts." Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985). Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either through direct appeal or collateral attack, the exhaustion requirement is satisfied. See generally, Castille, 489 U.S. at 351. In order to avoid piecemeal litigation, all grounds raised in a federal application for writ of habeas corpus must first be presented to the state's highest criminal court prior to being presented in federal court. Rose, 455 U.S. at 522. If even one claim is unexhausted, the entire petition must be dismissed for failure to exhaust state remedies. Id.

In the present case, Petitioner has not presented all of his claims to the Texas Court of Criminal Appeals in a procedurally correct manner. Accordingly, there has been no fair presentation of his claims to the state court, and thus, the state court has not had the initial opportunity to pass upon and correct any alleged errors of federal law. Nevertheless, the exhaustion requirement can be excused when exceptional circumstances exist. Deters v. Collins, 985 F.2d 789 (5th Cir. 1993). However, Petitioner makes no allegations that any exceptional circumstances are present in this case. Petitioner still has available a state application for writ of habeas corpus. Therefore, the Court finds that Petitioner has failed to exhaust his state court remedies and has failed to allege any circumstances which would allow the Court to excuse the exhaustion requirement.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, the Court will not issue a certificate of appealability.

It is therefore **ORDERED** that Petitioner's Motion for Summary Judgment [#18], is construed as a response to Respondent's Motion to Dismiss.

It is further **ORDERED** that Respondent's Motion to Dismiss [#15] is **GRANTED**.

It is further **ORDERED** that Petitioner's Application for Writ of Habeas Corpus [#1] is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies.

It is further **ORDERED** that Petitioner's Motion Pursuant to Fed. R. Civ. Proc. 27(a) and 11 [#4] is **DISMISSED AS MOOT**.

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this the 8th day of February 2016.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE